BAKER & A. *v.* ASHLAND.

Two distinct and separate highways, even though one of them should intersect or run into the other, should not be petitioned for in one and the same petition.

When such petition is found to cover and embrace substantially two routes or two separate highways, the petition upon motion, before its reference to the commissioners, will be dismissed.

PETITION by S. C. Baker and others for a highway in Ashland. Portions of the petition are as follows :

" Your petitioners represent that, for the public accommodation, there is occasion for a new highway in the town of Ashland, in said county, beginning at a stake and stones in the highway in front of the dwelling-house of Edwin F. Bailey, thence easterly across Squam river to a stake in the highway opposite the brick school-house in district No. 1. Thence beginning again at a stake near the northeast corner of J. F.

Keyes & Co.'s stock-house, on the line first above mentioned, thence in a southwesterly direction to a stake in the highway," &c.

At this term the town of Ashland appears and moves to dismiss the petition, on the ground that it prays for the laying out of two separate and distinct highways, and that it is in other respects defective and insufficient. At the hearing before the court, the parties agreed that the route or routes petitioned for were substantially as represented by the following diagram.

The court, *pro forma*, ordered the petition to be dismissed, and the petitioners excepted.

*The case was reserved.*

*Burrows, and Pike & Blodgett*, for petitioners.

*Leverett & Blair, and Hibbard*, for defendant town.

SARGENT, J. It is difficult to see how this petition can be anything but a petition for two highways. In whatever way we look at it, it seems to resolve itself into that. In laying the roads as prayed for, there are and must be two distinct and separate starting-points, and there are and must be two separate and distinct places of ending. There are two distinct and separate routes all the distance. One terminus of the route last described is located about in the middle of the route first described. There is nothing in common between the two routes, except that one terminates in the midst of the other. It would be utterly impossible to lay out a road upon the whole of the lines contemplated, in one continuous line or route. If the fact that one road leads or runs into another can make them both the same highway, then all the highways in any of our towns constitute but one highway. The same would be true of all the highways in a county, and of all or nearly all in the State.

The mere statement of that theory shows its absurdity. This is a petition, then, for two distinct highways. Is that a fatal objection to

the petition? We think it would be. If two distinct routes, two separate highways, may be included in the same petition, then three or six or ten distinct and separate routes or roads might, by the same rule, be included in one petition, provided they should at some point intersect or connect with each other, or the one with the other. The inconvenience, in fact the utter impossibility of having this business properly done in that way, is too apparent to every one to need comment, and sufficiently shows the fallacy and the absurdity of that position. We think this objection must be held fatal to this petition.

But there are other objections to this petition. The petition for the first highway is, if taken alone and without any connection with the other, well enough. In laying out that highway the commissioners might run from one terminus to the other without regard to any intermediate bound, and might go far to the north or south of the stock-house of Keyes & Co. Then when they come to lay out the other part, or the second highway, the starting-point would be uncertain. A stake near the northeast corner of the stock-house might not be on the line first above mentioned, but far distant from it. Which shall be the place of beginning? That terminus is uncertain and insufficient. But to avoid that objection, you must make the line first above mentioned to coincide with the corner of the stock-house; but in order to do so you must fix the corner of the stock-house as an intermediate bound between the two termini of the first line, which would make the petition bad. 67th Rule of Court; *Wiggin* v. *Exeter*, 13 N. H. 304; *Eames* v. *Northumberland*, 44 N. H. 67; *Ford* v. *Danbury*, 44 N. H. 388.

The language of all the statutes of the State upon that subject, all the forms of petition ever made use of in our courts, would seem to indicate that the legislature, the bench, and the bar have always understood that but a single highway was to be included in one petition. That is undoubtedly the only correct practice.

If there is any connection between these two highways, so that it is important that they should be considered by the same board of commissioners at the same time, separate petitions can be presented to court for each road and referred to the same board of commissioners, who could have the hearing on both upon consecutive days if desirable, and then each could be acted upon separately and settled upon its own merits.

In this case the exception to the ruling of the Court must be overruled, and the

*Petition dismissed.*